

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN RUSHING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No.   21-2136 (UNA) |
| CITY OF CAPE GIRADEAU, | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and his complaint, ECF No. 1.  The application will be granted, and this case will be dismissed for want of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that for an action to proceed in diversity, the citizenship requirement

must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is a resident of Grand Rapids, Michigan, who has sued the City of Cape Giradeau in an unspecified State for "$110 Trillion dollars." In the one-page pleading, Plaintiff alleges that the City and Police Department charged him for crimes that he did not commit. Although he mentions discrimination, Plaintiff has neither specified the basis of federal court jurisdiction nor pled facts establishing jurisdiction. In addition, Plaintiff has not complied with this court's local rule to list in the caption of the complaint Defendant's official address, *see* LCvR 5.1(c), nor is the address provided within the four corners of the pleading. Therefore, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

_____/s/_____  
EMMET G. SULLIVAN  
United States District Judge

Date:  August 23, 2021